**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MOUNT VERNON FIRE INSURANCE COMPANY,** | § § § | |
| *Plaintiff,* | § § | |
| **v.** | § § | **CIVIL ACTION NO. 5:26-CV-00188** |
| **TREVINO FAMILIA MANAGEMENT, LLC, TREVINO FAMILIA PARTNERSHIP, LTD, MICHAEL BUDDENHAGEN AND MEAGAN BUDDENHAGEN, INDIVIDUALLY AND AS NEXT FRIEND OF HARLIE BUDDENHAGEN,** | § § § § § § § § § | |
| *Defendants.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Mount Vernon Fire Insurance Company ("Mount Vernon") files this Original Complaint for Declaratory Judgment against Defendants, Trevino Familia Management, LLC ("TF Management") and Trevino Familia Partnership, LTD ("TF Partnership") (collectively, the "TF Entities"), seeking declaration that it does not owe a duty to defend or indemnify TF Entities against the claims asserted in a lawsuit styled, *Michael Buddenhagen and Meagan Buddenhagen, Individually and as Next Friend of Minor Harlie Buddenhagen v. Trevino Familia Management, LLC, Trevino Familia Partnership, LTD, Elizabeth Heard, Individually D/B/A Carrigann's, Edgar Smith, Individually D/B/A Carrigann's, Nestor Cisneros Individually D/B/A No Que No Transportations*, Cause No. 24-3431-CV-E, in the 456th Judicial District Court of Guadalupe County, Texas. Mount Vernon respectfully shows the Court as follows:

# I.    INTRODUCTION

1.      This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201, seeking to determine a question of actual controversy between Mount Vernon and the Defendants in construing the rights and obligations of the parties under Commercial General Liability ("CGL") Policy No. CL 2718797E issued by Mount Vernon to the TF Entities (the "Mount Vernon Policy" or "Policy").

2.      Pursuant to the terms of the Policy, Mount Vernon disputes that it is obligated to provide a defense and indemnity to the TF Entities for the allegations and claims made in the underlying lawsuit styled, *Michael Buddenhagen and Meagan Buddenhagen, Individually and as Next Friend of Minor Harlie Buddenhagen v. Trevino Familia Management, LLC, Trevino Familia Partnership, LTD, Elizabeth Heard, Individually D/B/A Carrigann's, Edgar Smith, Individually D/B/A Carrigann's, Nestor Cisneros Individually D/B/A No Que No Transportations*, Cause No. 24-3431-CV-E, in the 456th Judicial District Court of Guadalupe County, Texas (the "Underlying Lawsuit").

3.      The Underlying Lawsuit involves a claim for personal injuries arising out of a motor vehicle accident involving a 2021 Harley-Davidson motorcycle operated by Michael Buddenhagen and a 2003 Peterbilt tractor truck operated by Nestor Cisneros that occurred on January 15, 2023, on State Highway 123 in Guadalupe County, Texas. Mount Vernon maintains there is no coverage for the allegations and claims made in the Underlying Lawsuit under the terms of the Policy because Mr. Buddenhagen's injuries did not occur on, or appurtenant to the insureds' designated premises.

4.      By this action, Mount Vernon seeks a declaration of the rights and obligations of the interested parties under the Mount Vernon Policy issued to the TF Entities, including the

determination that Mount Vernon owes no duty to defend and indemnify the TF Entities under the Policy against the allegations and claims in the Underlying Lawsuit. Therefore, an actual controversy exists between Mount Vernon and the Defendants which must be resolved by this Court.

## II. PARTIES

5. Plaintiff, Mount Vernon Fire Insurance Company ("Mount Vernon") is an insurance company and a corporation duly organized and existing under the laws of the State of Nebraska, with its principal place of business in the State of Pennsylvania.

6. Defendant, Trevino Familia Management, LLC ("TF Management") is a limited liability company with its principal place of business in Guadalupe County, Texas. TF Management may be served with process by serving its registered agent, Juan G. Trevino, at 735 East IH 10, Seguin Texas, 78115. Upon information and belief, TF Management's sole managing member is Barbara Kuvet, who is a citizen of the State of Texas.

7. Trevino Familia Partnership, LTD ("TF Partnership") is a limited partnership whose business address is 735 East IH 10, Seguin Texas, 78115. TF Partnership's sole partner is its general partner, Trevino Familia Management, LLC, which is located at TF Partnership's business address. TF Partnership may be served with process by serving its registered agent, Juan G. Trevino, at 735 East IH 10, Seguin Texas, 78115.

8. Defendant, Michael Buddenhagen is a citizen of the State of Texas and a resident of Guadalupe County, Texas and can be served with process at the following address: 111 Santa Anna Dr., Seguin, Texas 78115.

9.     Defendant, Meagan Buddenhagen is a citizen of the State of Texas and a resident of Guadalupe County, Texas and can be served with process at the following address: 111 Santa Anna Dr., Seguin, Texas 78115.

### III.     JURISDICTION AND VENUE

10.     This Court has diversity jurisdiction over this controversy under 28 U.S.C. § 1332(a) in that the dispute is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Specifically, complete diversity of citizenship exists because Plaintiff is a citizen of the State of Nebraska, and the Defendants, including the TF Entities and their respective sole managing member and sole partner, are citizens of the State of Texas.

11.     Further, in an action seeking declaratory relief, the amount in controversy is measured by the value of the object of the litigation or the extent of the injury to be protected. *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). The amount in controversy in this litigation is the amount of the claims made by the Defendants on the Mount Vernon Policy, which is in excess of $75,000, exclusive of interest and costs.

12.     Venue is proper in the United States District Court for the Western District of Texas and in the San Antonio Division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in Guadalupe County, Texas. Specifically, the accident occurred, and the Underlying Lawsuit was filed, in Guadalupe County, Texas, which falls within the Western District of Texas. Further, the premises designated on the Mount Vernon Policy and to which coverage is limited is also located in Guadalupe County, Texas and the Western District of Texas.

**IV. FACTS**

13.     Plaintiff re-alleges and incorporates each of the allegations set forth above as though fully set forth herein.

**A.     The Policy**

14.     Mount Vernon issued CGL Policy No. CL 2718797E to the named insureds, TF Management LLC and TF Partnership, LTD. effective for the policy period September 1, 2022 to September 1, 2023. The Policy includes limits of $1,000,000 per occurrence. For purposes of the applicable coverages, the Policy Declarations identify the "Locations of All Premises You Own, Rent or Occupy" as follows:

| Location | Address | Territory |
|----------|---------|-----------|
| 1 | 3535 Hwy 123 Bypass, Seguin, TX 78155 | 006[1] |

The risk insured for this location is classified in the Declarations as "Buildings or Premises – tenant a bar or nightclub (lessor's risk only)."

15.     The Policy contains CGL Coverage Form CG 00 01, as modified by Endorsement CG 21 44 (04/17), Limitation of Coverage to Designated Premises, Project or Operation, includes the following Insuring Agreements under Coverages A and C:[2]

**SECTION I — COVERAGES**

**COVERAGE A — BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

   **1.   Insuring Agreement**

---

[1] "Territory 006" signifies that the location of the risk is within the United States, its territories and possessions, Puerto Rico, and Canada.

[2] A "strikethrough" has been added to signify the provisions that have been replaced by endorsement.

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result....

\* \* \*

**b.** This insurance applies to "bodily injury" and "property damage" caused by an "occurrence" that takes place in the "coverage territory" only if:

**(1)** The "bodily injury" or "property damage":

**(a)** Occurs on the premises shown in the Schedule or the grounds and structures appurtenant to those premises; or

**(b)** Arises out of the project or operation shown in the Schedule;

(2) The "bodily injury" or "property damage" occurs during the policy period.

\* \* \*

## COVERAGE C MEDICAL PAYMENTS

**1. Insuring Agreement**

**a.** We will pay medical expenses as described below for "bodily injury" caused by an accident that takes place in the "coverage territory" if the "bodily injury":

**(1)** Occurs on the premises shown in the Schedule or the grounds and structures appurtenant to those premises; or

**(2)** Arises out of the project or operation shown in the Schedule; provided that:

**(a)** The accident takes place during the policy period;

**(b)** The expenses are incurred and reported to us within one year of the date of the accident; and

     **(c)** The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.

   **b.** We will make these payments regardless of fault. These payments will not exceed the applicable limit of insurance. We will pay reasonable expenses for:

     **(1)** First aid administered at the time of an accident;

     **(2)** Necessary medical, surgical, x-ray and dental services, including prosthetic devices; and

     **(3)** Necessary ambulance, hospital, professional nursing and funeral services.

16.     Under Section V – Definitions of the CGL Form, the Policy also defines the following relevant terms:

14. Coverage Territory" means:

   **a.** The United States of America ….

\* \* \*

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

**18.** "Suit means a civil proceeding in which damages because of "bodily injury" or "property damage" or "personal and advertising injury" to which this insurance applies are alleged….

\* \* \*

17.     The Endorsement L610 removes definition of "bodily injury" in its entirety from the Policy and places the definition with expanded one as follows:

1. "Bodily injury means:

   a. bodily injury,
   b. sickness

    c.  disease

    d.  mental anguish or emotional distress arising out of a., b. or c., above

sustained by a person, including death resulting from any or these at any time,

All other terms and conditions of this policy remain unchanged. This endorsement is part of your policy and takes effect on the effective date of your policy unless another effective date is shown.

18.    Per the above Insuring Agreement in Coverage A, the TF Entities are insured for damages they become legally obligated to pay because of "bodily injury" caused by an occurrence, but only if the "bodily injury" occurs during the policy and "on the premises shown in the Schedule or the grounds and structures appurtenant to those premises" or it "[a]rises out of the project or operation shown in the Schedule." Mount Vernon's duty to defend applies to any "suit" seeking those damages against the insureds.

19.    Under the Insuring Agreement in Coverage C, the TF Entities are also insured for reasonable and necessary medical expenses, regardless of fault, due to "bodily injury" caused by an accident, but only if the "bodily injury" occurs during the policy period and "on the premises shown in the Schedule or the grounds and structures appurtenant to those premises" or it "[a]rises out of the project or operation shown in the Schedule" and provided that such expenses are incurred or reported within a year and the injured person submits to an examination.

20.    The Schedule in Endorsement CG 21 44 expressly provides: "Information required to complete this Schedule, if not shown above, will be shown in the Declarations."[3] Because the information required to complete the Schedule is not included therein, the Declarations control. Coverages A and C therefore are limited to injuries that fall in one of two scenarios: (1) injuries that occur on the premises or on the grounds and structures appurtenant to those premises shown

---

[3] *See id* at p. 29.

in the Declarations, *or* (2) injuries that arise out of the project or operation shown in the Declarations.

21.     Here, the premises shown in the Declarations are located at 3535 Hwy 123 Bypass, Seguin, TX 78155. Coverage is therefore limited to bodily injuries that occur on those premises on the grounds and structures appurtenant to those premises. Neither the Schedule nor the Declarations contains any information with respect to any identifiable operations or projects performed by the insureds. More importantly, the Underlying Plaintiffs do not allege that the insureds were performing projects or doing some type of work at the time of the accident. Coverage with respect to any project or operation by the TF Entities is therefore not at issue.

**B.     The Underlying Lawsuit**

22.     Plaintiffs' operative First Amended Petition alleges that on January 15, 2023, Michael Buddenhagen was patronizing a bar known as Carrigann's located at 3535 N. State Hwy 123 Bypass, in Seguin, Texas 78155. Plaintiffs allege the bar is owned and managed by Elizabeth Heard, who holds the liquor license, and Edgar Smith, who holds himself out as the owner. The bar operates on property owned by TF Partnership and managed by TF Management ("the Property"). Plaintiffs allege that the only access to the Property is a driveway that abuts Texas State Highway 123 which has 55 mph speed limit at this access point.

23.     Plaintiffs allege the driveway is made up of "multiple layers of hard-set paving materials added at various locations and times," "[i]t has potholes littered throughout," and [l]oose gravel and rock-fill dumped on top of the driveway various times," and thus constituted an unreasonably dangerous condition for motorcycle operators. Plaintiffs further allege that the fact that there are no lights, no signs, and no reflectors to warn people traveling on State Highway 123 of this access point added to the unreasonably dangerous conditions. Plaintiffs allege that as Mr.

Buddenhagen attempted to exit the Property on his motorcycle via the driveway, he was struck by tractor-trailer owned and driven by Nestor Cisneros. Plaintiffs allege that Mr. Buddenhagen was injured because he could not focus on the highway traffic due to the unreasonably dangerous conditions on the driveway. In an effort to track the policy language, Plaintiffs further allege "[t]he occurrence, incident, and conditions resulting in Mr. Buddenhagen's injuries occurred on [t]he Property premises and on the grounds appurtenant to [t]he Property."

24. Against both the named insureds – TF Management and TF Partnership, Plaintiffs bring premises liability, negligence per se, and breach of non-delegable duty claims. In particular, Plaintiffs allege the driveway was the only access to the highway and posed an unreasonably dangerous condition of which the TF Entities knew or should have known but failed to warn or make safe. Plaintiffs further assert the TF Entities breached non-delegable duties and were negligent per se in failing to ensure adequate design, maintenance and repair of driveway access to an abutting state highway in compliance with state, county and/or municipal requirements. Against Elizabeth Heard and Edgar Smith, Plaintiffs bring a premises liability cause of action. Against the truck driver Nestor Cisneros d/b/a No Que No Transportations, Plaintiffs bring a negligence claim. Plaintiffs allege that Mr. Buddenhagen sustained serious bodily injuries as a result of the subject incident and seek over $1,000,000.00 in damages.

## V.    CAUSE OF ACTION FOR DECLARATORY JUDGMENT

### A.    No Duty to Defend

25. Plaintiff re-alleges and incorporates each of the allegations set forth above as though fully set forth herein.

26. Defendants, the TF Entities, have been sued by Defendants, the Buddenhagens, in the Underlying Lawsuit and the TF Entities have requested Plaintiff to defend and indemnify them

under the Policy An actual controversy therefore exists between the Plaintiff and the Defendants regarding whether there is coverage available under the Policy for the allegations and claims in the Underlying Lawsuit arising out of the accident on January, 15, 2023.

27.     Under the relevant Insuring Agreements, the Policy provides coverage to the TF Entities for damages or medical expenses due to "bodily injury" caused by an accident or "occurrence," but only if the "bodily injury" occurs on the premises or on the grounds appurtenant to those premises at the designated location shown in the Declarations. The designated location on the Policy is the bar located at 3535 N. State Hwy 123 Bypass, in Seguin, Texas 78155.

28.     Plaintiffs allege that Mr. Buddenhagen was injured when he was struck by Mr. Cisneros's tractor trailer "while attempting to exit the Property" or "[a]s he attempted to exit the Property." Nowhere in the petition does Plaintiff explicitly state that he was injured on the designated premises located at 3535 Hwy 123 Bypass, Seguin, TX 78155. Taking as true Plaintiffs' allegations that the driveway in question is part of the property owned by the TF Entities, which Mount Vernon denies, Mr. Buddenhagen could not have been struck and injured unless he was actually *on* State Highway 123. The vehicles collided only because they were operating on the same highway. The only inference that can be reasonably drawn from the facts actually alleged is that Mr. Buddenhagen's injuries occurred while on the highway, not on the designated premises or on grounds appurtenant to those premises.

29.     Accordingly, Mount Vernon seeks a judicial determination that it has no duty to defend the TF Entities in the Underlying Lawsuit and that it be allowed to withdraw from the defense it is currently providing.

**24.    No Duty to Indemnify**

30.    A declaratory judgment is proper to resolve both defense and indemnity obligations before the insured's liability is determined in the liability lawsuit when the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify.

31.    An actual controversy of a justiciable nature presently exists between Plaintiff and Defendants concerning the rights and obligations under the Policy with respect to Nautilus's duty to indemnify TF Entities against the claims asserted in the Underlying Lawsuit.

32.    Upon information and belief, the driveway in question was not on property owned by the TF Entities. Regardless, pursuant to the Insuring Agreements under Coverages A and C, Mr. Buddenhagen's injuries did not occur on or appurtenant to the insureds' designated premises.

33.    Mount Vernon therefore contends that it will have no duty to indemnify the TF Entities against the claims asserted in the Underlying Lawsuit.

# VI.    JURY TRIAL

34.    Pursuant to Federal Rule of Civil Procedure 38, Mount Vernon requests a jury trial on all issues so triable.

# VII.    CONCLUSION AND PRAYER

35.    Pursuant to 28 U.S.C. § 2201, Plaintiff requests a judgment in its favor and against the Defendants:

(a)    Declaring there is no coverage for the TF Entities under the Policy because Mr. Buddenhagen's injuries did not occur on, or appurtenant to the insureds' designated premises, and, therefore, that Mount Vernon owes no duty to defend and indemnify the TF Entities against the allegations and claims in the Underlying Lawsuit;

(b)    Awarding Mount Vernon its attorneys' fees and costs in bringing this declaratory judgment action; and

(c)     Mount Vernon such other and further relief as the Court may deem appropriate.

Respectfully submitted,

By: */s/ Daniel P. Buechler*
     Daniel P. Buechler
     State Bar No. 24047756
     dbuechler@thompsoncoe.com
     THOMPSON, COE, COUSINS & IRONS, L.L.P.
     700 North Pearl Street, 25th Floor
     Dallas, Texas 75201
     Telephone: (214) 817-8200
     Facsimile: (214) 871-8209

     AND-

     Raymond M. Kutch
     State Bar No. 24072195
     rkutch@thompsoncoe.com
     4400 Post Oak Parkway, Suite 1000
     Houston, Texas 77027
     Telephone: (713) 403-8210
     Facsimile: (713) 403-8299

     **COUNSEL FOR PLAINTIFF**
     **MOUNT VERNON FIRE INSURANCE**
     **COMPANY**